**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI ST. JOSEPH DIVISION**

| | | |
|---|---|---|
| ROBERT GLEN MYERS,<br><br>Plaintiff,<br><br>v.<br><br>BELT ENTERTAINMENT, LLC,<br><br>Defendant. | ) | Case No. 5:26-cv-06023-RK |

**ORDER**

This is a lawsuit under the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. § 12101, *et seq.*, against Defendant Belt Entertainment, LLC. Before the Court is a Motion for Entry of Judgment by Default filed by Plaintiff Robert Glen Myers. (Doc. 9.) No response has been filed, and the time to do so has passed. After careful consideration and review, the Court **ORDERS** that the motion for default judgment is **GRANTED**.

**Background and Procedural Posture**

Plaintiff Robert Glen Myers, a visually impaired ADA "tester" plaintiff, (*see* Doc. 1 at ¶¶ 7 & 25), filed this lawsuit alleging ADA violations at a public establishment located in St. Joseph, Missouri, owned by Defendant Belt Entertainment. (*See generally id.*) Defendant was served on February 4, 2026, (Doc. 4), but Defendant did not file an answer or otherwise respond within the time allotted by the Federal Rules of Civil Procedure. On March 23, 2026, Plaintiff filed a Motion for Entry of Default. (Doc. 6.) The Certificate of Service reflects that Plaintiff delivered the Motion for Entry of Default to Defendant's Registered Agent; Defendant did not respond and the time for doing so has passed. (Doc. 6-1.) With Defendant having failed to respond, on March 26, 2026, the Clerk of Court filed an Entry of Default. (Doc. 7.) On June 15, 2026, Plaintiff filed the current Motion for Default Judgment. (Doc. 9.) The Certificate of Service reflects that Plaintiff mailed the Motion to Defendant's Registered Agent; Defendant again did not respond and the time for doing so has passed.

As set forth in the Complaint (Doc. 1),[1] Plaintiff is legally blind from age-related macular degeneration and therefore is substantially limited in performing one or more major life activities, including but not limited to accurately visualizing his world. Plaintiff relies on non-visual cues; tactile information; memory; and safe, predictable environments to navigate places of public accommodation. When architectural elements deviate from ADA standards, such as improper clear floor space, protruding objects, non-compliant maneuvering clearances, inaccessible seating, improperly located dispensers, or restroom fixtures installed outside required reach ranges, Plaintiff faces heightened mobility-related risks including tripping, collision, disorientation, inability to independently locate or operate features, and increased physical strain.

Plaintiff visited the real property located at 210 N. Belt Highway, St. Joseph, Missouri, 64506 (the "Premises"), owned and operated by Defendant. Plaintiff was denied full and equal access and full and equal enjoyment of the facilities and amenities at and within the Premises, even though he would be classified as a "bona fide patron." Plaintiff encountered architectural barriers that render Defendant's premises inaccessible to individuals who are blind and visually disabled. Specifically, the Complaint details twenty-four architectural violations of the ADA involving parking spaces, the cashier/service counter, and the men's restroom. (Doc. 1 at ¶ 32.) Plaintiff's expert, Carlos Herrera, submitted an "Accessibility Evaluation Report" listing the same twenty-four ADA violations included in the Complaint that he identified at the Premises. (Doc. 9-2.)

Plaintiff now moves the Court for entry of default judgment against Defendant. Plaintiff seeks injunctive relief requiring Defendant to modify and alter the Premises to make it readily accessible to and useable by individuals with disabilities as required by the ADA. Plaintiff also seeks injunctive relief to close the Premises until the required modifications and alterations are completed. Finally, Plaintiff also seeks an award of attorney fees and costs.

## Legal Standard

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step procedure for obtaining a default judgment. First, when a party "has failed to plead or otherwise defend," "the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by the clerk must precede grant of default judgment under

[1] As explained below, when considering a motion for default judgment, the Court accepts the facts alleged in a complaint as true. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). The facts reflected here are therefore taken from Plaintiff's Complaint and are accepted as true.

Rule 55(b)). Second, Rule 55(b) authorizes the clerk of court to enter a default judgment. If the judgment sought is not for a sum certain, a "party must apply to the court for default judgment." Fed. R. Civ. P. 55(b)(2).

"A default judgment entered by the court binds the party facing the lawsuit as having admitted all of the well-pleaded allegations in the plaintiff's complaint." *Angelo Iafrate Constr., LLC v. Potashnick Constr. Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). "Factual allegations in the Complaint are taken as true, except those relating to damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). "[I]t is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010) (internal quotation marks omitted); *see Sampson v. Lambert*, 903 F.3d 798, 805 (8th Cir. 2018). A hearing is not necessary in all cases, *see Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008) (hearing not necessary if there is sufficient evidence to support default judgment), but the Court may conduct a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter, *see* Rule 55(b).

**Discussion**

**I. Default Judgment**

As a threshold matter, the Court finds that Plaintiff has standing to bring this lawsuit. Plaintiff establishes that he lives in Caldwell County (the neighboring county to the location of the Premises which is located in Buchanan County) and that he frequently travels to the St. Joseph, Buchanan County, Missouri area, where he visits restaurants, bars, shops, entertainment venues, and other places of public accommodation.

The Court next considers whether the well-pleaded factual allegations in the Complaint establish an ADA violation. To state a claim under the ADA, a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 956 (8th Cir. 2018); *see also* 42 U.S.C. § 12182. A defendant discriminates against a plaintiff when a place of public accommodation "is not readily accessible to and usable by individuals with disabilities." *Id.* at 956 (internal quotation marks omitted). Additionally, where, as here, a plaintiff seeks injunctive relief, the plaintiff must also show that there is a real and immediate threat of future injury and that

he "faces a threat of ongoing or future harm." *Park v. Forest Serv. of the United States*, 205 F.3d 1034, 1037 (8th Cir. 2000). In the ADA context, a plaintiff "'need not engage in the futile gesture of visiting a building containing known barriers that the owner has no intention of remedying,' but he must show a knowledge of the barriers and that he 'would visit the building in the imminent future but for those barriers.'" *Kirchner v. Albania, LLC*, No. 4:24-cv-206, 2025 WL 212312, at *6 (E.D. Mo. Jan. 15, 2025) (quoting *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000)).

Here, the Complaint adequately alleges that (1) Plaintiff suffers from a qualified disability under the ADA, specifically legal blindness; (2) that Defendant owns and/or operates a place of public accommodation located at located at 210 N Belt Hwy, St Joseph, Missouri, 64506, i.e., the Premises; and (3) that Defendant discriminated against him within the meaning of the ADA when Plaintiff personally visited the Premises on September 25, 2025, and encountered architectural barriers to access in violation of ADA requirements. (Doc. 1 at ¶¶ 3, 5-8, 16, 28, 29, 32). The Complaint sufficiently alleges that Plaintiff faces a real and immediate threat of present and future harm of being denied equal access to the business which can be rectified through Court intervention in that Plaintiff intends to return to the Premises should the barriers be rectified. (Doc. 1 at ¶¶ 9, 12, 15, 17). Accordingly, the Court concludes that Plaintiff is entitled to injunctive relief, as set out below, to remedy the ADA violations identified by Plaintiff as set out in the Complaint. *See also* 42 U.S.C. § 12188(a)(2).

Next, the Court considers Plaintiff's request that the Court order the Premises be closed until the required modifications of alterations are completed. Title 28 U.S.C. 12188(a)(2) authorizes the Court to issue injunctive relief "includ[ing] an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities" and "[w]here appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods . . . ." Even if this statute may be read as authorizing (by not precluding) an injunction to close a premises until it is brought into compliance as required by the ADA, the Court would expect such seemingly extraordinary request to be supported by sufficient analysis with consideration of the specific facts in a given case. *See Betancourt v. MS Prop. Mgmt., LLC*, No. 0:24-CV-60016-GAYLES/AUGUSTIN-BIRCH, 2024 WL 2417143, at *3 (S.D. Fla. Apr. 23, 2024, *adopted by* No. 0:24-cv-60016-DPG, 2024 WL 2377356 (S.D. Fla. May 23, 2024) (recognizing that the statute may be read as allowing this injunctive relief but declining to order it in that case); *Hennessy ex rel. Hennessy v. 194*

*Bedford Ave Rest Corp.*, 21 CV 5434 (FB)/(RML), 2022 WL 4134502, at *4 (E.D.N.Y. Aug. 8, 2022), *adopted by* No. 21-cv-5434-FB-RML, 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022) (rejecting similar request by an ADA-plaintiff at default judgment because the plaintiff did not "provide[] any information as to how long it would take defendants to make the modifications" or "any explanation as to why the restaurant cannot stay open while the modifications are made"). Plaintiff has not attempted to do so here. The Court does not find, on this limited record, any support that would reasonably sustain Plaintiff's conclusory and generic request to close the Premises until the required modifications or alterations are completed. *See Lopez v. Mizmor 91 LLC*, No. 24-CV-2635 (JHR/RWL), 2025 WL 3096495, at *5 (S.D.N.Y. July 29, 2025), *adopted by* No. 24 Civ. 02635 (JHR) (RWL), 2025 WL 2828190 (S.D.N.Y. Oct. 65, 2025).

## II. Attorney Fees

Finally, the Court considers Plaintiff's request for attorney fees and costs. Plaintiff requests an award of attorney fees and costs for a total amount of $10,119, representing $7,030 in attorney and legal assistant fees and $3,089 in costs and fees. (Doc. 9-1 at 4-7.) Under 42 U.S.C. § 12205, the Court may, "in its discretion . . . allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ." The amount of a fee award is necessarily "based on the circumstances of the case" and falls within the Court's discretion. *Sanders v. Union Pac. R.R. Co.*, No. 4:20CV3023, 2025 WL 90122, at *2 (D. Neb. Jan. 14, 2025). The Court considers "the number of hours worked [multiplied] by the prevailing hourly rate," bearing in mind both (1) the reasonableness of the requested hourly rate, and (2) that only "reasonably expended" work should be compensated. *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019) (internal quotation marks omitted). As to the latter, for example, "purely clerical tasks should not be billed at paralegal or attorney rates, regardless of who performed such tasks." *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 651 (8th Cir. 2022).

In this case, Plaintiff requests attorney/legal assistant fees of $7,030 based on an hourly rate of $400/hour for attorney work (for a total of 17.2 hours) and $125/hour for legal assistant work (for a total of 1.2 hours). While the Court finds that the requested rates appear to be reasonable, the Court otherwise finds in its discretion that the total hours billed appear to be inflated or unreasonably high for the type and nature of work performed in this particular case.

Plaintiff's counsel has brought a significant number of ADA lawsuits in this Court and its sister court in the Eastern District, on Plaintiff's behalf, for both website-based and premises-based

ADA disability-discrimination claims.[2] Plaintiff's filings in this case reflect similar form and boilerplate filings (containing case-specific inputs), reflecting counsel's extensive litigation experience, practice, and knowledge in this area of the law. With this context in mind, the Court finds that portions of the legal and paralegal work billed to be inflated or unreasonable, including: (a) 1.5 attorney hours to review a five-page straightforward form Accessibility Evaluation Report prepared by the retained expert; (b) 3.5 attorney hours to draft the complaint which contains boilerplate and form allegations with case-specific inputs; (c) 0.2 attorney hours to review the Court's form "Notice" text docket entry advising that the civil case was assigned to a Magistrate Judge; (d) 0.2 attorney hours to review a text docket entry, "Notice of Reassignment," when this case was reassigned from the Magistrate Judge to this Court; (e) 0.7 attorney hours to draft and e-file a one sentence "Notice of Intent to File Motion for Entry of Clerk's Default"; (f) 1.75 attorney hours to draft and file a two-and-a-half-page Motion for Clerk's Entry of Default; (g) 0.5 attorney hours to review a one-page, three-sentence standardized form "Clerk's Entry of Default" entered by the Court; (h) 0.3 attorney hours to call the expert "regarding need for Affidavit in Support of Motion [for Default Judgment]"; and (i) a total of 3.6 attorney hours to draft and file an eight-page default judgment motion with attachments. The Court reduces these requested attorney fees by 50%, accounting for Plaintiff counsel's practice experience and knowledge in this area of litigation which should greatly increase efficiency and in consideration of the boilerplate and form-based nature of the legal work prepared and reviewed in this matter.

Finally, the Court declines to award the fees billed for legal assistant work, including 0.5 legal assistant hours to set up an initial client consultation (Plaintiff is a well-established existing client), 0.5 legal assistant hours to print and mail a demand letter, and 0.2 legal assistant hours to calendar MAP deadlines set by the Court. Accordingly, the Court awards a total of $4,730 in attorney fees and $3,089 in costs and fees, for a total award of $7,819.

**Conclusion**

Therefore, after careful consideration and review, the Court **ORDERS** that Plaintiff's Motion for Default Judgment, (Doc. 9), is **GRANTED**, and the Court enters judgment in favor of Plaintiff Robert Glen Myers and against Defendant Belt Entertainment, LLC. The Court finds that

[2] There are approximately 61 ADA lawsuits filed by Attorney Puckett on behalf of Plaintiff Myers currently pending in the Western District, with more than 100 ADA lawsuits filed since August 2024 in the Western District that have been closed and more than 45 ADA lawsuits filed since July 2024 in the Eastern District of Missouri that have been closed.

Defendant has violated the Americans with Disabilities Act as set forth above and the Court **ORDERS** as follows:

(1) Defendant shall—within 90 days of the date of this Order—modify and/or alter the Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA to remedy the specific ADA violations identified in the Complaint. Alternatively, Defendant shall—within 90 days of the date of this Order—submit to Plaintiff's counsel sufficient architectural and construction plans to remedy the subject ADA violations described in the Complaint. Upon receipt of such plans, Plaintiff will have 30 days to consent to the plans or seek further relief from the Court regarding those plans. Defendant shall modify and/or alter the Premises to make it readily accessible to and useable by individuals with disabilities to remedy the ADA violations identified in the Complaint within 60 days after Plaintiff's counsel consents to such plans or an order is granted on Plaintiff's request for further relief upon submission of such plans.

(2) Defendant shall pay Plaintiff $7,819 in attorneys' fees and costs.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 19, 2026